UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

NORMAN & WAHANAMA ROBINSON and
STATE FARM FIRE & CASUALTY INSURANCE
COMPANY,

    Plaintiffs,

v.                                                                             Civ. No. 23-1048 KRS/GJF

BROAN-NUTONE, LLC,

    Defendant.

## ORDER TO AMEND COMPLAINT

THIS MATTER is before the Court *sua sponte* following its review of the Complaint filed on November 22, 2023. ECF 1. The Complaint allegedly invokes the Court's diversity jurisdiction. *Id.* at ¶ 5. The Court has a duty to determine whether subject matter jurisdiction exists. *See Tuck v. U.S. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). In carrying out this duty, the Court concludes that the Complaint fails to allege the necessary facts to sustain diversity jurisdiction and must therefore be amended.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States." The party invoking a federal court's jurisdiction bears the burden of establishing all jurisdictional requirements. *Martin v. Franklin Cap. Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

The Complaint states that "Defendant, Broan-Nutone, LLC ("Broan"), is and was a Delaware limited liability company with its principal place of business located at 926 W. State Street, Hartford, Wisconsin." ECF 1 at ¶ 4. Determining the citizenship of a limited liability

company ("LLC") is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. That is, although a corporation is a citizen of the state in which it is incorporated and in which it maintains its principal place of business, *see* § 1332(c), an LLC is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company). If Defendant Broan-Nutone is indeed an LLC, the Complaint is deficient by failing to (1) identify every member of the LLC, and (2) allege the citizenship of every LLC member.

Accordingly, the Court will give Plaintiffs the opportunity to file a complaint to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *accord* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS THEREFORE ORDERED** that, no later than **December 15, 2023**, Plaintiffs shall amend the Complaint to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure. If such an amended Complaint is not filed, the Court may remand this action to state district court.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE